## WENDLING v. TAYLOR ET AL.

1. **Promissory Note**: EXTENSION OF TIME: DISCHARGE OF SURETY. Where the special findings showed an agreement between the payee and the principal for an extension of time on the note sued on, and there was evidence tending to show a consideration therefor, the court was not authorized to infer, in the absence of any finding as to the consideration, that none existed, and judgment against the sureties was erroneous.

2. ———: USURY: PRACTICE. The question of usury not having been made in the court below, cannot be first presented here.

### *Appeal from Winnesheik Circuit Court.*

### MONDAY, DECEMBER 12.

ACTION upon a promissory note. There was a verdict and judgment for plaintiff; defendants appeal.

*Cooley, Fannon & Akers,* for appellants.

*Brown & Willington,* for appellee.

BECK, J.—I. The defendants, Thomas Taylor and Joseph Triska, answered the petition; the other defendants made default. The answer alleges: *first,* that the note in suit was made on Sunday; *second,* that they signed it as sureties, which was well known to plaintiff; *third,* that plaintiff for a valuable consideration extended the time of payment of the note by a binding agreement with the principal without the consent of defendants; and, *fourth,* that the note has been fully paid.

The court submitted to the jury questions for special find-ings which, with the answers, are as follows:

"1st. Was the note in suit signed on Sunday? Ans. Yes.

"2d. Was it delivered to the plaintiff on Sunday? Ans. No.

"3d. Did the plaintiff, when he received the note, know that it was signed on Sunday? Ans. No.

"4th. Was the note in suit included in the $3,000 which the mortgage was given to secure? Ans. No.

"5th. Was the note in suit included in the settlement at Spillville? Ans. No.

"6th. Was there an agreement to extend the time of payment on the note in suit? Ans. Yes.

"7th. Was there an agreement made, after the note in suit was given, that an additional five per cent interest should be paid thereon—that is, five per cent more than was at first agreed to be paid? Ans. No."

The jury were not required to render a general verdict and did not do so.

The defendants moved the court for judgment upon the special findings. The motion was overruled and judgment was entered for plaintiff. A motion by defendants for a new trial, based upon the grounds, among others, that the findings of the jury did not support the judgment, and the motion for judgment by defendants ought to have been sustained, was overruled. Exceptions were duly taken to the overruling of defendants' motion for judgment and for a new trial.

II. In our opinion the Circuit Court erred in rendering judgment for plaintiff upon the special findings of the jury 1. PROMISsory note : extension of time : discharge of surety. and in overruling the motion for a new trial. The sixth special finding is that there was an agreement between plaintiff and the principal in the note to extend the time of payment. If such agreement was based upon a consideration so that it would have been binding upon the plaintiff he is not entitled to recover in this action. The jury found the agreement, but were not required to find whether it was based upon a consideration. The issue as to such a valid agreement was presented in the pleadings, and there was evidence tending to show that there was such a contract, and that it was based upon a consideration. The court below was not authorized to infer and so hold, in the absence of any finding as to the consideration, that none in fact existed. It is very plain that if it be conceded that the findings do not show that the agreement was based upon a consideration, they

are not responsive to the pleadings in the case presenting that issue. They did not therefore authorize judgment for plaintiff.

III. Plaintiff's counsel insist that the instructions of the court presenting to the jury the questions for special findings were not excepted to in the court below. There is some doubt upon this point. It need not, however, be considered, as the foregoing views dispose of the case.

IV. The defendants maintain that the court below erred in not rendering the judgment required by law on account of the 2. ——: usury established by the testimony. It is suffi- usury : practice. cient to say that no such question was made in the court below, and usury was not pleaded in the case. The question cannot be first presented in this court. Other points noticed by counsel need not be considered.

REVERSED.